UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

**MICHAEL N. BRUNETT**, a individual resident
of Florida,

    Plaintiff,

v.

**JACOB GOLDSTEIN**, an individual resident
of New York, **RONNIE GORDON**, an individual
resident of New York, **SUNNY RAI**, an individual
resident of the United Kingdom, and **GLOBAL
FULFILMENT LTD.**, a United Kingdom company,

    Defendants.
_____/

## VERIFIED COMPLAINT FOR PATENT INFRINGEMENT: INJUNCTIVE RELIEF SOUGHT

Plaintiff, MICHAEL N. BRUNETT, ("Brunett"), by and through undersigned counsel, sues JACOB GOLDSTEIN, RONNIE GORDON, SUNNY RAI, and GLOBAL FULFILMENT LTD., ("collectively "Global"), for acts of patent infringement, demands a jury trial, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement in connection with GLOBAL'S making, importing, offering for sale and selling a facial hair shaping tool invented by Michael N. Brunett, that is protected by United States Patent No.: 9,661,909 (the '909 patent).

2. GLOBAL then used the technology to manufacture knockoffs that have been widely advertised online, sold, offered for sale, and displayed and offered through important and relevant throughout the United States, including Amazon. Global's infringing conduct has damaged Brunett and inflicted irreparable harm.

1

3.  Brunett seeks, *inter alia*, disgorgement of GLOBAL'S profits from the sale of infringing products, and injunctive relief.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that said claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq."

5.  This Court has *in personam* jurisdiction over the GLOBAL Defendants pursuant to FLA. STAT. §48.193, in that: (a) GLOBAL is residing, operating, conducting, engaging or carrying on a business, in the State of Florida; (b) GLOBAL has committed tortious acts within the State of Florida; and (c) GLOBAL is engaged in substantial and not isolated activity within the State of Florida.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, and such unlawful activity has been conducted by the GLOBAL Defendants.

## THE PARTIES

7.  BRUNETT is an individual resident of Florida, and has operated in, and sold goods in the United States, and specifically, in the Southern District of Florida.

8.  Upon information and belief, GLOBAL is a corporation organized and existing under the laws of the United Kingdom, and has a primary location in Birmingham, England.

9.  Upon information and belief, SUNNY RAI owns GLOBAL, orchestrates the manufacturing of the knock-offs, is a resident of Birmingham, England, and actively controls the activities of GLOBAL and the acts complained of.

10. JACOB GOLDSTEIN is a resident of New York, and actively participates in the manufacture and sale of the allegedly infringing products.

11. RONNIE GORDON, is a resident of New York, and actively participates in the manufacture and sale of the allegedly infringing products.

## BRUNETT'S BUSINESS

9. Well prior to the acts complained of, Brunett has been involved in the business of manufacturing high quality facial hair shaping tool, comprising elements protected by the '909 Patent, and sold in a variety of markets.

10. Brunett's facial hair shaping tools are uniquely designed and have been enormously successful in the market, having sold in many markets, and channels of trade.

11. Brunett's products are sold throughout the world, including in the United States. Brunett products are sold to businesses and directly to the public through "business-to business" channels and through retail channels respectively.

12. As a result of the originality and high quality of its products, Brunett has developed a reputation for excellence and innovation which has generated substantial sales, and has obtained many loyal customers.

## BRUNETT'S PATENTS

13. On May 30, 2017, U.S. Patent No. 9,661,99 (the "'909 Patent"), for a facial hair shaping tool was issued by the United States Patent and Trademark Office, covering new and original features not otherwise existing in the marketplace. A true and correct copy of the '909 Patent is attached as Exhibit "A" hereto.

14. Brunett is the owner and named inventor on the '909 Patent.

15. The Patent is in full force and effect as of the date of this Verified Complaint and all times relevant to the allegations herein.

16. Subsequent to the filing of the Patent, Brunett began manufacturing and selling a line of Facial hair shaping tools embodying the designs, technology, and features covered by the '909 Patents.

17. Brunett's facial hair shaping tools embody the designs and features claimed in the Patent and have been a market success.

## GLOBAL'S ACTS OF INFRINGEMENT

18. Brunett has communicated with Defendants in opposition to their efforts to make and sell infringing copies of Brunett's protected facial hair shaping tool. Those efforts failed to result in the cessation of the infringing activities by Defendants, who were unwilling to cease and desist the infringing conduct.

19. Brunett received no further communications from GLOBAL in connection with these efforts, and the acts of infringement continue unabated. Attached as Exhibit B is a copy of the communications between the parties.

20. The GLOBAL Defendants have continued to make, have made, sell, and/or offer for sale, facial hair shaping tools that embody Brunett's patented technology and innovations, and despite having actual knowledge of the claims of infringement.

21. GLOBAL sells facial hair shaping tools that infringe Brunett's patented designs. Attached as Exhibit C is a copy of GLOBAL's advertisements and promotional materials comprising the in fringing designs and innovations, including their Amazon listings.

22. GLOBAL has caused its manufacturer to produce tens of thousands of the knock-off facial hair shaping tools.

23.     GLOBAL imported, or caused to be imported on its behalf and for its benefit, tens of thousands of the knock-off facial hair shaping tools into the United States.

24.     GLOBAL has offered for sale and sold the knock-off tools throughout the United States, including within this District.

25.     On information and belief, GLOBAL has sold the knock-off facial hair shaping tools throughout the United States, and the world, with actual knowledge that they would be re-sold to consumers in the United States.

26.     The knock-off facial hair shaping tools are in all respects virtually identical copies of Brunett's designs covered by the '909 Patent.

27.     Clearly, any comparison of the facial hair shaping tools made, sold, or offered by GLOBAL leads to a conclusion of infringement, and a reading of the claims as applied to the infringing device shall draw a conclusion of infringement.

## COUNT I - INFRINGEMENT OF THE '909 PATENT

28.     Brunett re-alleges and incorporates hereto by reference paragraphs 1-27 of this Complaint as though fully set forth herein.

29.     GLOBAL has infringed and continues to infringe the '909 Patent. GLOBAL has imported into the United States, made, sold and offered for sale facial hair shaping tools that are virtually identical to the elements claimed in the '909 Patent, and will continue to do so unless enjoined by this Court.

30.     In addition, through the sale of its knock-off products to others, or for resale, GLOBAL has induced infringement of the '909 Patent by others and has committed acts of contributory infringement of the '909 Patent.

31.     GLOBAL's infringement of the '909 Patent has been willful and malicious and with

actual or constructive knowledge that Brunett is the owner of a patent claiming the infringed design.

32. Brunett has sustained damages as a result of the infringing acts of GLOBAL.

33. Brunett has suffered and will continue to suffer irreparable harm unless infringement of the '909 Patent is enjoined.

34. A copy of GLOBAL's infringing device is attached as Exhibit D, and reads on the claims, and is a virtual identical copy not only of Brunett's device, but reads on the claims of the '909 Patent.

**WHEREFORE**, Plaintiff, Michael N. Brunett International prays that the Court:

A. Enter a judgment that JACOB GOLDSTEIN, SUNNY RAI, RONNIE GORDON, and GLOBAL FULFILMENT have infringed, induced infringement and contributed to the infringement of U.S. Patent No. 9,661,909;

B. Enter a judgment that the GLOBAL Defendants have infringed, induced infringement and contributed to the infringement of U.S. Patent Nos. 9,661,909.

C. Order the GLOBAL Defendants to pay damages under 35 U.S.C. §285 and §289 to adequately compensate Brunett for GLOBAL's patent infringement, including an award of the GLOBAL's Defendants' profits from their infringement of U.S. Patent Nos. 9,661,909 together with pre- and post-judgment interest;

D. Find that the GLOBAL Defendants' patent infringement was willful and malicious and award treble damages to Brunett under 35 U.S.C. 284;

E. Find this to be an exceptional case of patent infringement and award reasonable attorneys' fees to Brunett under 35 U.S.C. §285;

F. Award such other and further relief as the Court deems just and equitable

## **VERIFICATION**

I have read the factual allegations contained in the foregoing Complaint and I declare under penalty of perjury under the law of the United States of America that these factual allegations are true and correct, and for those allegations that are based upon information and belief, I believe those to be true and correct.

Dated:  July 10, 2017                              By:_____
                                                                  Michael N. Brunett


Dated: August 2, 2017                           Respectfully submitted,

                                                            By:/s/ Louis R. Gigliotti/
                                                            Louis R. Gigliotti, Esq.
                                                            Louis R. Gigliotti, PA
                                                           Florida Bar No.: 71935
                                                           1605 Dewey Street
                                                           Hollywood, FL 33020
                                                           Ph: (954) 471 4392
                                                           lgigliotti@bellsouth.net